**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

DUSTIN M. BAKER,              )
                             )
         *Plaintiff*,         )
                             )
v.                           )
                             )  No. 2:26-cv-00020-JMD
                             )
STATE OF MISSOURI, et al.,    )
                             )
         *Defendants*.        )
                             )
                             )

**MEMORANDUM AND ORDER**

On February 27, 2026, Dustin M. Baker, a self-represented pretrial detainee at the Pike County Jail, filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 against the State of Missouri, Pike County, "St. Louis County of St. Charles," Ralls County, the Missouri Department of Revenue, and several Pike County and state officials.  ECF 1.  He seeks leave to proceed *in forma pauperis*, ECF 2, and the appointment of counsel, ECF 3.  Baker also moves for a writ of mandamus compelling Pike County officials to provide him with legal materials and medical accommodations.  ECF 5.  Before this case proceeds, the Court must address several defects in Baker's filings.

I.      **Filing Fee**

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding.  28 U.S.C. § 1914.  Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay.  28 U.S.C. § 1915(a)(1).  When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating the inability to pay.  28 U.S.C. § 1915(a)(1).  In addition to the standard *in*

1

*forma pauperis* affidavit, a prisoner must provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Baker did not provide a certified copy of his inmate account statement.  He states in a separate declaration that jail officials refuse to provide a copy of his account statement and instead direct him to a kiosk to view his transaction history electronically.  ECF 6.  Even so, when a plaintiff provides an incomplete financial picture, it paralyzes the Court's ability to properly determine the plaintiff's *in forma pauperis* status.  *See Hobson v. Schmitt*, No. 4:23-cv-00781-SRC, 2023 WL 4234550, at *3 (E.D. Mo. June 28, 2023).  Accordingly, the Court denies Baker's motion for leave to proceed *in forma pauperis* without prejudice.  Baker must, no later than **[DATE]**, either (i) pay the full $405 filing fee, or (ii) file a renewed *in forma pauperis* motion on the enclosed form with a certified inmate account statement.  To assist Baker in obtaining the required statement, the Court will direct the Clerk of Court to mail Baker two copies of this order.

## II.    Plaintiff Brandi M. Rhodes

The complaint names Brandi M. Rhodes as a co-plaintiff.  ECF 1.  However, Rhodes did not sign the complaint.  *Id.*  Under Federal Rules of Civil Procedure 11(a), "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."  Furthermore, while a non-attorney may appear on his own behalf, he may not represent others in federal court.  *See* 28 U.S.C. § 1654.

2

Because Rhodes did not sign the complaint, and because Baker cannot represent her, the Court strikes Brandi M. Rhodes as a plaintiff in this action. If Rhodes wishes to pursue her own claims, she must file a separate civil action.

### III.    Motion for Appointment of Counsel

Baker also moves for appointment of counsel. ECF 3. In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

The Court finds that appointment of counsel is not warranted at this time. Neither the factual nor legal issues in this case appear complex. Further, at this early stage, the Court cannot yet determine whether the litigation would benefit from the assistance of counsel. Therefore, the Court denies Baker's motion for appointment of counsel without prejudice.

### IV.    Motion for Writ of Mandamus

Lastly, Baker filed a motion for writ of mandamus seeking an order compelling Pike County officials to provide him with legal materials and medical accommodations. ECF 5. This Court lacks jurisdiction to issue a writ of mandamus to compel state or county officials

to perform their duties.  *See* 28 U.S.C. § 1361 (granting district courts original jurisdiction over mandamus actions involving only "an officer or employee of the United States or any agency thereof[.]").

To the extent Baker seeks a temporary restraining order or preliminary injunction, the Court denies the request without prejudice.  In determining whether to grant such relief, the Court considers: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest.  *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

Baker has not established a threat of irreparable harm.  His motion asserts, in general terms, that Pike County officials have denied him access to legal materials, a notary, and adequate medical care.  However, Baker has not demonstrated that these alleged deprivations will cause harm that is certain, great, and imminent.  *See Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011).  Moreover, Baker has not made a sufficient showing of likelihood of success on the merits at this stage, as this case has not yet been served on any defendant and remains subject to initial review.  *See Mod. Computer Sys., Inc. v. Mod. Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989) (en banc).  The remaining factors—the balance of harms and the public interest—do not independently weigh in Baker's favor on the present record.  The Court therefore denies Baker's request for injunctive relief without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that all pending motions are **DENIED** without prejudice.  ECF 2, 3, 5.

4

**IT IS FURTHER ORDERED** that Baker must, no later than April 21, 2026, either (i) pay the full $405 filing fee, or (ii) file a renewed *in forma pauperis* motion on the enclosed form with a certified inmate account statement.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Baker a copy of the Court's standard application to proceed in district court without prepaying fees or costs.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Baker **two copies** of this order.

Baker's failure to comply with this order may result in the dismissal of this action without prejudice and without further notice.

Dated this 7th day of April, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE